**In the Matter of the ESTATE OF Geraldine A. NELSON, Deceased:**

**Susan F. BERRY, Appellant,**

v.

**Daniel E. NELSON, Appellee.**

**No. 82708.**

Court of Appeals of Oklahoma, Division No. 3.

Aug. 30, 1994.

Douglas S. Stults, Del City, for appellant.

Howard L. Schmidt, Oklahoma City, for appellee.

### OPINION

HUNTER, Judge:

On December 23, 1985, Geraldine A Nelson and her husband, Edwin M. Nelson, signed a joint will witnessed by two individuals. The Nelsons had two children, a daughter, Appellant Susan F. Berry, and a son, Appellee Daniel E. Nelson. The will made no provision for the daughter, and left the entire estate of the survivor of the two elder Nelsons to Appellee. The will also appointed Appellee the executor of the will. Edwin M. Nelson died in December, 1990. His wife died January 1, 1993.

Appellant filed a petition for letters of administration with the district court on August 6, 1993. Thirteen days later Appellee filed a petition for probate of an alleged will of the Decedent. The will had been drafted and signed while the Nelsons lived in Indiana.

The district court held two hearings concerning the admission of the will to probate. On August 25, 1993, Appellant challenged the testamentary capacity of her mother. She testified that her mother had a history of psychiatric problems, that she herself had

been forced to leave the family home at age seventeen because of her mother's violence, and that the Decedent had been under psychiatric care most of her life.

The hearing was continued on October 12, 1993. At that time Appellee testified and refuted Appellant's testimony in its entirety. Appellee testified that it was he who had been under psychiatric care. He further testified that the stormy relationship between his mother and sister was caused by his sister's unruly behavior and violence toward their mother. He testified that during his childhood he remembered his sister threatening the Decedent with a knife, blackening her eye, and hitting and bruising her on many occasions. Finally, he testified that his mother and father had not told him about the will until two years after it was drafted and signed.

Decedent's granddaughter testified on behalf of Appellant. She testified that she and her mother had lived with the grandparents for a short time in 1984. During this time, she remembered her grandmother exhibiting violent behavior towards her. She testified that her mother intervened to keep Decedent from harming her.

At the close of the hearing the district court admitted the will to probate. The district court noted that Appellant had failed to prove her mother was incompetent on the day the will was executed.

Before this court Appellant argues the district court erred in: (1) improperly shifting the burden of proof to her; (2) failing to require the testimony of the subscribing witnesses; and (3) considering the affidavits of subscribing witnesses in a contested will case.

## STANDARD OF REVIEW

■ In reviewing a district court's finding of testamentary capacity, we examine the entire record. However, the issue of testamentary capacity is a question of fact, and we will not disturb the district court's judgment unless it is clearly against the weight of the evidence. *In the Matter of the Estate of Maggie Carano,* 868 P.2d 699, 702 (Okla. 1994). We review questions of law de novo.

*See Salve Regina College v. Russell,* 499 U.S. 225, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991).

## FINDINGS ON REVIEW

■ Appellant argues before this court that Appellee did not present sufficient evidence of due execution of the will. We agree. As the district court noted, the instrument in question is not a self-proving will. Because it was drafted and signed in the State of Indiana where Decedent and her husband were then living, the subscribing witnesses are not present in Oklahoma County. The only evidence of due execution of the contested will presented by Appellee was affidavits of the subscribing witnesses. Such evidence is insufficient.

■ In a will contest, burden of proof rests upon proponents of will to make a prima facie showing entitling will to probate and burden then shifts to contestant to establish issues presented by his contest. *In re Lillie's Estate,* 195 Okl. 597, 159 P.2d 542 (1945).

■ Oklahoma law provides that the testimony of subscribing witnesses not present in the county where a will is being probated may be presented by deposition. 58 O.S. (1965) § 43. On remand, Appellee should be afforded the opportunity to present the deposition testimony of the two subscribing witnesses in order to prove due execution of the will.

Accordingly, the judgment of the district court is REVERSED and REMANDED for further proceedings consistent with this opinion.

GARRETT, V.C.J., and ADAMS, J., concur.